83 F.3d 428
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Mohammed Ali Nasser MOSTOFI, Esmat Narchi and Galawazh
Nasser Mostofi, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70627.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 12, 1996.*
Decided April 16, 1996.
 
 1
 Before: GOODWIN, HAWKINS, Circuit Judges, and WARE**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Mohammed Ali Nasser Mostofi, a citizen of Iran, appeals the decision of the Board of Immigration Appeals (the "BIA") affirming the denial of his application for asylum and withholding of deportation. Mostofi contends that the evidence compels the conclusion that he suffered past persecution and has a well-founded fear of persecution if he returns to Iran.[1] We review the BIA's finding on eligibility for asylum for substantial evidence. INS v. Elias-Zacharias, 502 U.S. 478 (1992). The ultimate decision that denies a claim for asylum is reviewed for abuse of discretion. Ramos-Vasquez v. INS, 57 F.3d 857, 861 (9th Cir.1995).
 
 
 4
 In order to establish past persecution, an asylum applicant must show that he was harmed on account of a belief or characteristic related to race, religion, nationality, membership in a particular social group, or political opinion. See, e.g., Desir v. Ilchert, 840 F.2d 723, 726 (9th Cir.1988). In order to prove a well-founded fear of persecution, the applicant must show that a reasonable person in the same circumstances would fear persecution. Elnagar v. INS, 930 F.2d 784, 786 (9th Cir.1991). A "well-founded fear" is both subjective and objective in that an alien must have a genuine fear of persecution and provide evidence that would support a reasonable fear of persecution. Estrada-Posadas v. INS, 924 F.2d 916, 918 (9th Cir.1991).
 
 
 5
 The Immigration Judge ("IJ") denied the petitioner's application because he did not find the petitioner's testimony to be credible or sufficient. The BIA affirmed this conclusion stating that the "lack of credibility results in a failure to establish a well-founded fear of persecution." (Administrative Record at 6). The IJ found that the petitioner lacked credibility because of several inconsistencies between his asylum application and his testimony at the hearing, in addition to other "improbable testimony." (Administrative Record at 61). This Court gives great deference to credibility determinations made by the IJ. Estrada-Posadas v. INS, 775 F.2d 1018, 1021 (9th Cir.1985).
 
 
 6
 The IJ's reasons for the adverse credibility finding include: (1) petitioner's initial claim that his father introduced him to the Baha'i Faith and that his mother was not religious, followed by testimony that his mother involved him in the religion; (2) petitioner's claim that he and his family returned to Iran in 1983 and stayed until 1987, while his wife indicated in her Biographic Information Form that the family lived in Canada during that time period; (3) petitioner's asylum application listed his ethnic background as White Persian, while at the hearing he claimed to be Kurdish[2]; (4) petitioner claimed to fear persecution upon his return to Iran yet he stated that he had returned there and lived undisturbed for four years before leaving again; and (5) petitioner's asylum application did not state the reasons for his incarceration in Iran, but at the hearing he first testified that he was jailed because he was Kurdish but then later testified that he was jailed because he was posting anti-government pamphlets. These critical inconsistencies and dubious assertions provided the substantial evidence necessary for the IJ to conclude that Mostofi's overall credibility was lacking.
 
 
 7
 Even if the petitioner had been credible, he was unable to establish that he was persecuted or has a well-founded fear of persecution within the meaning of the Immigration and Nationality Act. The petitioner never really claimed to be a member of the Baha'i faith, and even if he was, there is no evidence in the record to show that the Iranian government persecuted him because he was a Baha'i, or would persecute him if he were to return.
 
 
 8
 Next, nothing in the record proves that the petitioner was persecuted because of his Kurdish ethnicity. He did state that he was jailed because of his race, but later contradicted himself when he claimed his jailing was politically motivated. In any event, both of those assertions lacked the necessary detailed facts to support them. Furthermore, the petitioner testified that he was never told why he was jailed. As to the well-founded fear of persecution on account of race, there is no evidence in the record that the Iranian government is persecuting Kurds.
 
 
 9
 Finally, the petitioner fears persecution in Iran because he left the country illegally. There is no evidence in the record that proves that Iran persecutes those who leave the country illegally, and in fact, that fear is made questionable by the petitioner's own safe return to Iran in 1983.
 
 
 10
 Because the petitioner did not present any credible, or even sufficient, claims of past persecution, or objective evidence to support a well-founded fear of persecution, we affirm the denial of asylum and the refusal to withhold deportation.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Petitioner's wife and child are applying derivatively for asylum through his application
 
 
 [2]
 The petitioner acknowledged that this is a significant difference, but claims that he did not fill out the form and so did not know what it said